# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRON LEE IMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-16-871-M |
| GREG MASHBURN, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Barron Lee Impson, a pre-trial detainee appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1). District Judge Vicki Miles-LaGrange referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a). Based on that review, it is recommended that the Court **DISMISS** the Complaint on grounds of abstention.

## I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 42 U.S.C. § 1997e(c)(1).

## II. RELEVANT BACKGROUND AND NATURE OF PLAINTIFF'S CLAIMS

In his Complaint, Mr. Impson names two Defendants: Cleveland County District Attorney, Greg Mashburn and Plaintiff's Public Defender, James Radford. (ECF No. 1). Although the precise nature of Mr. Impson's claims are difficult to decipher, they involve an ongoing case in Cleveland County, where Plaintiff has been charged with indecent exposure and public intoxication. *See* ECF No. 1:1 (Plaintiff's reference is to Case No. CF-2015-1126-TS, which correlates with Mr. Impson's pending case in Cleveland County presided by Judge Tracy Schumacher).[1] From what the undersigned can discern, Mr. Impson is alleging: (1) he was wrongly charged with felony indecent exposure through the improper use of "afterformers" and (2) after he was released on bond, he was wrongly charged with contempt and failure to appear in Cleveland County court, because he had been incarcerated at the time in another county jail. (ECF No. 1:5-7).

In Claim One, Plaintiff alleges that his "Duew [sic] Process" rights were violated, as well as "Convicting me by useing [sic] My Afterformers." (ECF No. 1:5). In support of this claim, Plaintiff states:

> I Filed Habeas Corpus Writt [sic] to Cleveland Co. From Garvin Co. on Sept. 18th 2015 Wasnt recognized until Jan 5th 2016, Cleveland Co, give me an FTA & contempt For being in Their County Day of Court. Dec. 5,

---

[1] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2015-1126&cmid=2204159; *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

2

15, 23 2015 gave me FTA's And was in Cleveland Co. Jail with a Indegent [sic] lawyer.

ECF No. 1:6.

In Claim Two, Mr. Impson states: "Makeing [sic] charge a felony because of afterformers" and "Three of The same charge would make it a Feloney [sic] Indecient [sic] exposure. Made Bond Outrageous." (ECF No. 1:7). For relief, Mr. Impson requests a dismissal of all charges, monetary relief for time he believes he was improperly incarcerated, and charges dropped in another state case.

## III. ABSTENTION UNDER YOUNGER

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are: (1) ongoing, (2) offer an adequate forum for a defendant's federal claims, and (3) implicate important state interests. *Id.* at 43-44; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "The classic example of" the *Younger* doctrine "is a federal suit to enjoin a pending state criminal proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227–28 (10th Cir. 2004) (citations omitted). "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (internal quotation marks omitted). Also, "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A.*

*ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted).

Exceptions exist for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46-55 (citation omitted); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). The party seeking relief has a "'heavy burden'" of establishing an exception to the *Younger* abstention doctrine. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

The undersigned finds that the three *Younger* conditions are met in this case. First, the Cleveland County District Court docket confirms that Mr. Impson's state court felony case for public intoxication and indecent exposure is still ongoing.[2] Second, Mr. Impson has not shown that the state court is an inadequate forum to hear the challenges raised in his §1983 complaint. *See Carbajal v. Hotsenpiller*, 524 F. App'x. 425, 428 (10th Cir. 2013) (finding that plaintiff "has not demonstrated that the state courts provide an inadequate forum"). And third, Plaintiff's claims involve important state interests which should be resolved in the pending action. *See Green v. Whetsel*, 166 F. App'x. 375, 376 (10th Cir. 2006) ("Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.") (internal quotation marks and citation omitted). Finally, Mr. Impson's complaint does not allege any bad faith, harassment, or other extraordinary circumstances.

---

2   http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2015-1126&cmid=2204159

In sum, *Younger* requires the court to abstain while Plaintiff's criminal case is pending in state court, and Mr. Impson has not met the heavy burden to show otherwise.

The undersigned notes that ultimately, if Mr. Impson were to be convicted in state court, the only proper way to seek review in federal court for the grounds he has alleged is through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The undersigned declines to construe the current action as one brought pursuant to 28 U.S.C. § 2254 given that it appears highly unlikely that Petitioner has satisfied the statutory prerequisite to federal court review—exhaustion of state court remedies—given that he has not yet been convicted.

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, it is recommended that the complaint be dismissed without prejudice under *Younger*. Further, it is recommended that Plaintiff's Application (Motion) for Leave to Proceed *In Forma Pauperis* **(ECF No. 5)** be denied as moot.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 29, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 11, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE